UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOE MARTINEZ,                                   :
                                                :
                 Plaintiff,                     :
                                                :        **MEMORANDUM & ORDER**
        v.                                      :        20-CV-4325 (WFK) (SMG)
                                                :
                                                :
CHARLES J. HYNES, Brooklyn District Attorney; :
ALAN D. MARRUS, Trial Judge of Brooklyn;        :
RODNEY M. KRUT, Precinct Sergeant;              :
DANIEL C. VANDOLLEN, Arresting Officer,         :
Shield #23437; LAURA ASTARITA,                  :
Trial District Attorney, 1989; GENIA PHILLIPS,  :
Complainant Witness; MARCIA BECKFORD,           :
Complainant Witness; and LOUISE                 :
 JOHNSTON, Arresting Officer, Shield #13335,    :
                                                :
                 Defendants.                    :
-------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**

        Plaintiff Joe Martinez, who is currently incarcerated at the Marcy Correctional Facility

under DIN 89-T-2539, filed this *pro se* civil rights action on August 25, 2020, ECF No. 1.

Plaintiff's application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) is

granted for the limited purpose of this Order.  For the following reasons, the complaint is hereby

dismissed.


                              **BACKGROUND**

        Plaintiff alleges he was falsely arrested, maliciously prosecuted, wrongfully convicted,

and unlawfully sentenced for first degree robbery, attempted rape, and other charged crimes

under Kings County Indictment Number 1829/88.  He remains incarcerated under that

conviction.  Plaintiff states he requested copies of records from these proceedings in 1989 and

received documents, but that "back in November 22, 1989 I was deny [sic] all of these

documents in violation of my constitutional rights." ECF No. 1, at 3. Plaintiff names multiple individuals whom he believes to be responsible for his conviction and resulting emotional pain and suffering and seeks $50,000,000 in damages.

## DISCUSSION

### I.   Standard of Review

The court must screen "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and, thereafter, "dismiss the complaint, or any portion of the complaint," if it is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A; *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, the court is required to dismiss *sua sponte* an IFP action, if the court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *Abbas*, 480 F.3d at 639. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks omitted). The court is required to read the plaintiff's *pro se* complaint liberally and interpret it to raise the strongest arguments it suggests.

2

*Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).  Where a liberal reading of the pleading "gives any indication that a valid claim might be stated," the court must grant leave to amend it at least once.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quotation marks omitted).

## II.   Challenges to the 1989 conviction are barred by *Heck v. Humphrey*

To the extent that plaintiff seeks to challenge his 1989 conviction through this civil rights action, this claim is barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).  *Heck* precludes claims for money damages related to an allegedly unlawful investigation, arrest, trial, and conviction, because any award in a plaintiff's favor would "necessarily imply" the invalidity of his conviction.  *Heck*, 512 U.S. at 487.  "[I]n order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."  *Heck*, 512 U.S. at 486–87.  Prisoners have other ways of challenging convictions they believe to be unconstitutional, first through direct appeal and then through a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  *See Preiser v. Rodriguez*, 411 U.S. 475, 488–90 (1973) (habeas corpus is the appropriate and exclusive remedy for state prisoners attacking the validity of the fact or length of their confinement).

In this case, Plaintiff has not alleged that his conviction was overturned or otherwise rendered invalid, and he remains in custody on that conviction.  Accordingly, all of his claims related to his arrest and prosecution are dismissed pursuant to *Heck v. Humphrey*.

## III.   Claims related to requests for documents fail to state a claim and are time-barred

Plaintiff's only claim that is not barred by *Heck v. Humphrey* is his assertion his constitutional rights were violated when he was denied access to documents in 1989.  This single sentence fails to state a claim.  Plaintiff does not explain why he was entitled to the documents, where he directed his request, what response he received, or which defendant was responsible.  Moreover, if there was any deprivation of Plaintiff's constitutional right, the claim arose more than 30 years ago.  The statute of limitations for civil rights actions under 42 U.S.C. § 1983 is three years.  *Owens v. Okure*, 488 U.S. 235, 249–51 (1989) (discussing *Wilson v. Garcia*, 471 U.S. 261 (1985), which held that courts deciding claims under § 1983 should "borrow" the State statute of limitations for personal injury actions); N.Y. C.P.L.R. § 214 (McKinney's) (providing a three-year statute of limitations for personal injury actions arising in New York State, including constitutional torts).  Plaintiff's claim related to his request for documents is dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii) as untimely.

## CONCLUSION

For the foregoing reasons, Plaintiff's claims related to his 1989 conviction and denial of access to documents are dismissed pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**


_s/ WFK_
_____
HON. WILLIAM F. KUNTZ, II
United States District Judge


Dated: January 22, 2021
      Brooklyn, New York

5